ROYAL BANK OF NEW YORK v. REINSCHREIBER et al.

(Supreme Court, Appellate Term. January 5, 1911.)

BILLS AND NOTES (§ 351*)—ACTIONS—DEFENSES—USURY.

In an action on notes aggregating $2,200 executed by K. to his own order, and indorsed by him and by L. and R., at the time of the making and prior to their delivery to H., who subsequently indorsed them to plaintiff after maturity and protest, it was a good defense that the transaction between H. and the other indorsers was a loan to K. and L. of $2,000, for which H. took the notes, payable within a year from the date of the loan without interest, and that R. was merely the agent of K. and L. in procuring the loan, which was known to H. at the time, so that the notes had no inception until their delivery to H., who thus took them upon a usurious consideration, as plaintiff taking the notes after maturity stood in H.'s shoes.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 878; Dec. Dig. § 351.*]

Appeal from City Court of New York, Trial Term.

Action by the Royal Bank of New York against Joseph H. Reinschreiber, impleaded with others. From a judgment for the mentioned defendant and an order denying a new trial, plaintiff appeals. Affirmed.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Gates Hamburger, for appellant.
Solon B. Lilienstern, for respondent.

GIEGERICH, J. The complaint alleged the making of certain promissory notes, aggregating $2,200 in amount, by the defendant Kuppenheimer to his own order, their indorsement by him and by the

---

defendants Klotz and Reinschreiber at the time of the making thereof and prior to their delivery to the defendant Hyman, their subsequent indorsement by the defendant Hyman to the plaintiff after their maturity and protest, and that they had not been paid.

The defense was that the transaction between Hyman and the other defendants had been in reality a loan to the defendants Kuppenheimer and Klotz of the sum of $2,000, for which Hyman took the notes in suit aggregating the sum of $2,200, all payable within a year from the date of the loan without interest; that the defendant Reinschreiber was merely the agent of Kuppenheimer and Klotz in procuring the loan which was known to Hyman at the time; that the notes consequently had no inception until they were delivered to Hyman, who thus took them upon a usurious consideration.

It is obvious that this was a good defense if made out. The plaintiff, taking the notes from Hyman after their maturity, stood in Hyman's shoes, and any defense good as against Hyman was good as against the plaintiff. There was evidence to sustain this defense, and the court below consequently committed no error in denying the plaintiff's motion for a direction in its favor.

As this is the only claim of error urged in support of the appeal, the judgment and order must be affirmed with costs.

Judgment and order affirmed, with costs. All concur.